## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LEROY ALFORD,

*Plaintiff*,

v.

DENIS R. MCDONOUGH,
Secretary of Veteran Affairs,

*Defendant*.

Case No. 1:20-cv-02805 (ACR)

### MEMORANDUM OPINION AND ORDER

Plaintiff Leroy Alford, proceeding *pro se*, sued Defendant Dennis McDonough, in his official capacity as Secretary of the U.S. Department of Veterans Affairs (VA), under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Before the Court is the VA's Motion for Summary Judgment, Dkt. 82, and Plaintiff's Motion to Stay, Dkt. 94. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART**, without prejudice, Defendant's Motion for Summary Judgment. The Court **DENIES** Plaintiff's Motion to Stay.

### I.        BACKGROUND

The operative complaint in this long-running FOIA dispute is Plaintiff's Second Amended Complaint, which he filed in December 2021.[1] *See* Dkt. 29. Plaintiff's Second Amended Complaint alleges that although the VA has "provided some of the responsive documents requested," *id.* at 3–4, the VA did not provide the complete set of documents requested below:

---

[1] Given this case's long procedural history, which three judges have presided over, the Court summarizes only the relevant factual and procedural background.

1. [May 26, 2020 FOIA Request – Part B]

   [A] copy of any and all electronic communication, i.e., working papers, emails, faxes, used or created since 1 February 2020 by any VA employee concerning [Plaintiff's] application, determination, and/or denial of Chapter 31 services.

Dkt. 29 at 3.

2. [September 8, 2021 FOIA Request – Part B]

   Copies of any emails, electronic records, and or memos created by Ms. Miriam Riplinger or any other VA employee concerning actions or decisions for completing the Remanded actions directed by the Board of Veterans' Appeals for Leroy Alford in 2021.

Dkt. 29 at 20; *see id.* at 3.[2]

The VA moved for summary judgment in May 2022, *see* Dkt. 39, which the Court denied in September 2022, *see* Minute Entry of Sept. 14, 2022. The Court ruled that the VA's search was inadequate because it was not "reasonably calculated to find any *internal* communications among VA employees about [Plaintiff's] claims." Dkt. 92 at 18:17–19:2 (emphasis added). The Court also denied Plaintiff's Motion for Leave to File a Third Amended Complaint. *Id.* at 7:4–5. The case was reassigned to the undersigned in February 2023, and the Court held two status conferences in March and June 2023. The VA produced internal email records, and in September 2023, the VA moved again for summary judgment. *See* Dkt. 82. Plaintiff filed several documents in response, and the Court construes his most complete opposition as Dkt. 88-

---

[2] Defendant is correct that the Second Amended Complaint "is difficult to follow because it is not a contiguous document" and "[n]one of the requests made in the September 2021 [FOIA] request are expressly alleged" in the main text (before attachments). Dkt. 82-2 at 2 n.1. But because (1) Plaintiff is proceeding *pro se* and the Court must construe his filings liberally, *Kaemmerling v. Lappin*, 553 F.3d 669, 676–77 (D.C. Cir. 2008); (2) the surrounding text refers to his September 2021 FOIA request, *see* Dkt. 29 at 3–4; and (3) the VA's affidavit construes the Second Amended Complaint as seeking documents from the September 2021 FOIA request, Dkt. 82-9 ¶ 5, the Court also construes the Second Amended Complaint as seeking documents from Part B of the September 2021 FOIA request quoted above.

1 (response to Defendant's statement of material facts not in dispute filed in December 2023) and Dkt. 90 (opposition brief filed in December 2023).  The VA replied in January 2024.  Dkt. 93.

## II.   LEGAL STANDARD

In a FOIA case, a district court reviews the agency's decisions de novo, *Schoenman v. FBI*, 604 F. Supp. 2d 174, 186 (D.D.C. 2009), and "the burden is on the agency to sustain its action," 5 U.S.C. § 552(a)(4)(B).  "[T]he vast majority of FOIA cases can be resolved on summary judgment . . . ." *Brayton v. Off. of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011).  Under Federal Rule of Civil Procedure 56, "[a] party is entitled to summary judgment only if there is no genuine issue of material fact and judgment in the movant's favor is proper as a matter of law." *Soundboard Ass'n v. FTC*, 888 F.3d 1261, 1267 (D.C. Cir. 2018) (cleaned up); *see* Fed. R. Civ. P. 56(a).  "In FOIA cases, summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Aguiar v. DEA*, 865 F.3d 730, 734–35 (D.C. Cir. 2017) (cleaned up).  An agency's declarations are given "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Shapiro v. U.S. Dep't of Just.,* 40 F.4th 609, 613 (D.C. Cir. 2022) (cleaned up), *cert. denied*, 143 S. Ct. 526 (2022).

"[T]o satisfy FOIA's aims of providing more transparency into the workings of the government," an agency must show that it made an adequate search for responsive records. *Montgomery v. IRS*, 40 F.4th 702, 714 (D.C. Cir. 2022).  This demonstration "entails a showing that the agency made a good faith effort to conduct a search for the requested records, using

methods which can be reasonably expected to produce the information requested." *Id*. (cleaned up). "Summary judgment is inappropriate if a review of the record raises substantial doubt as to the search's adequacy, particularly in view of well defined requests and positive indications of overlooked materials." *Shapiro*, 40 F.4th at 613 (cleaned up).

## III.   DISCUSSION

### A.   Adequacy of the Search

In response to the Court's September 2022 Order denying the VA's motion for summary judgment, the VA conducted additional searches for internal VA emails responsive to Part B of Plaintiff's May 6, 2020 and September 8, 2021 FOIA requests.  Dkt. 82-9 ¶ 5.  Brian Tierney, a VA attorney, submitted a declaration explaining the details of this search.  *See* Dkt. 82-9.  The VA determined that "the offices most likely to maintain responsive electronic records" were the Baltimore Regional Office, the National Capital Region Benefits Office, and the Veterans Benefits Administration Veterans Readiness and Employment Services Program Office.  *Id.* ¶ 7.  The VA identified eighteen Veterans Benefits Administration employees who "worked on either completing Plaintiff's 2021 Board remand, as identified by Plaintiff in his September 8, 2021, request, or on his denial of Chapter 31 services and request for higher level review, as identified by Plaintiff in his May 26, 2020, request."  *Id.*

After identifying these eighteen custodians, the VA applied "the relevant date ranges," which "were on and between February 1, 2020 and May 26, 2020 and January 1, 2021 and September 8, 2021."  *Id.* ¶ 10.  The VA then "executed a search of all emails within all email folders of the aforementioned eighteen (18) employee custodians" from those date ranges.  *Id.* The VA then ran two sets of search terms—first, it used five search terms "reasonably calculated to return responsive records pertaining to the Plaintiff"; then, it ran additional searches to cull

this set of documents to those responsive to the dates and topics of Plaintiff's remaining FOIA requests. *Id.* ¶¶ 11–12. For Part B of the September 8, 2021 FOIA request, the VA searched for "remand*" (using a root expander for variations of "remand") and used an email sent date range of January 1, 2021, to September 8, 2021, the date of Plaintiff's FOIA request. *Id.* ¶ 12(a). For Part B of the May 26, 2020 FOIA request, the VA ran three sets of search terms and used an email sent date range of February 1, 2020, to May 26, 2020, the date of the request. *Id.* ¶ 12(b). The VA then culled the documents for responsiveness, *id.* ¶ 13, and after redacting employee PII, sent Plaintiff 828 pages of documents in April 2023, *id.* ¶ 14.

In his opposition, Dkt. 90, and response to Defendant's statement of material facts not in dispute, Dkt. 88-1, Plaintiff lists several reasons why he contends Defendant's search was inadequate. Although his arguments are sometimes difficult to follow, Plaintiff appears to argue the search was inadequate for four main reasons—(1) the VA did not search Microsoft Teams or other electronic platforms besides email, Dkt. 90 at 13, 25; (2) the VA used date-of-request search cutoff dates, which were too early, *id.* at 33–34; (3) the VA did not include the complete set of custodians from the VA Offices, including Board Servers, most likely to have responsive records, *id.* at 17, 28; and (4) the VA did not submit what is known as a *Vaughn* index, which "describes the documents withheld or redacted and the FOIA exemptions invoked, and explains why each exemption applies," *Prison Legal News v. Samuels*, 787 F.3d 1142, 1145 n.1 (D.C. Cir. 2015); *see* Dkt. 90 at 31–32. Although the Court does not agree with all of Plaintiff's arguments, he has explained at least some inadequacies with the VA's search. Therefore, for the reasons below, the Court DENIES IN PART, without prejudice, the VA's motion for summary judgment on the basis of the inadequacy of the search. The Court will order the VA to supplement its

search and supporting documentation before the VA refiles another motion for summary judgment.

> 1.    *Legal Background*

The VA bears the initial burden of showing that its searches were adequate. *Prop. of the People, Inc. v. U.S. Dep't of Just.*, 530 F. Supp. 3d 57, 61 (D.D.C. 2021). The adequacy of an agency's search is measured by a "standard of reasonableness" under the attendant circumstances. *Truitt v. U.S. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (cleaned up). "To demonstrate that it has conducted an adequate search, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of its search, and in the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA." *Ahuruonye v. U.S. Dep't of the Interior*, 239 F. Supp. 3d 136, 141 (D.D.C. 2017) (cleaned up). "Once an agency has made a *prima facie* showing of adequacy, the burden shifts to the plaintiff to provide countervailing evidence as to the adequacy of the agency's search." *Schoenman v. FBI*, 764 F. Supp. 2d 40, 46 (D.D.C. 2011) (cleaned up). Such evidence must "raise 'substantial doubt' concerning the adequacy of the agency's search." *Id.* (cleaned up).

> 2.    *Analysis*

Although the Court does not agree with each of Plaintiff's arguments, Plaintiff has raised at least two reasons why the VA's searches were inadequate; the Court also addresses Plaintiff's remaining two arguments.

*First*, the plain text of Plaintiff's FOIA requests seeks other forms of electronic records besides just emails. His May 26, 2020 request seeks "any and all electronic communications," and his September 8, 2021 request seeks "any emails, electronic records, or memos." Dkt. 29 at

17, 20.  But the VA searched only "18 employee custodians' *emails* located on the Microsoft Exchange Server."  Dkt. 82-9 ¶ 9.  The Court understands that Judge Pan's September 2022 summary judgment ruling and the undersigned's previous statements about the case focused on the outstanding internal emails.  Plaintiff, however, has argued that the VA did not search Microsoft Teams and asked if there are "other electronic platforms" that the VA did not search.  Dkt. 90 at 13.  The VA must address this issue in its supplemental search.

*Second*, the VA has not justified the use of the request dates—May 26, 2020, and September 8, 2021—as search cut-off dates.  As the VA acknowledges, the D.C. Circuit has rejected the position that the "use of a time-of-request cut-off date is always reasonable" and explained that an agency must provide a "compelling justification for imposing a date-of-request cut-off on a particular FOIA request."  *Pub. Citizen v. Dep't of State*, 276 F.3d 634, 643–44 (D.C. Cir. 2002) (cleaned up).  The VA argues that it does not need a "compelling justification" here because "Plaintiff conveyed his own date preferences" and "chose his own relevant dates."  Dkt. 93 at 6–7.  The Court disagrees.  Although Plaintiff imposed some date limitations, he did not impose the dates the VA used.  As for the May 26, 2020 FOIA request, the fact that Plaintiff sought emails starting on February 1, 2020, for his "application, determination and denial of Chapter 31 services, which dated back to 2016," *id.* at 6, does not suggest the relevance of a May 26, 2020, cut-off date.  As for the September 8, 2021 FOIA request, the fact that Plaintiff sought records in 2021, *id.*, suggests a December 31, 2021 cut-off date, not a September 8, 2021 cut-off date.

As for Plaintiff's remaining arguments, the initial scope of the searches based on the offices most likely to have responsive records and the eighteen custodians identified appear to be reasonable search parameters.  Given the VA's showing made in its affidavit, Plaintiff must

"rais[e] substantial doubt, particularly in view of well defined requests and positive indications of overlooked materials." *Poitras v. Dep't of Homeland Sec.*, 303 F. Supp. 3d 136, 160 (D.D.C. 2018) (cleaned up).  The Court does not find that Plaintiff has made this showing here.

Although Plaintiff seeks a *Vaughn* index, the VA did not withhold any responsive documents in their entirety.  And where no responsive documents "ha[ve] been withheld in [their] entirety," the Court finds no reason for the VA to "provide redundant descriptions of documents from which only small portions are redacted" for personally identifiable information (PII).  *Smith v. Dep't of Lab.*, 798 F. Supp. 2d 274, 281 (D.D.C. 2011).  Following the VA's supplemental search and production, however, the Court expects the VA to provide additional detailed documentation on its search method and any withheld documents.

*       *       *

For the reasons stated above, the Court DENIES IN PART, without prejudice, the VA's Motion for Summary Judgment, as to the adequacy of its search efforts.

### B.    Exemption 6 Redactions

Plaintiff also challenges redactions that the VA made, under FOIA Exemption 6, on the documents it produced.  The VA redacted names, email addresses, telephone numbers, and other PII for non-Senior Executive Service VA employees.  Dkt. 82-9 ¶ 13.  The Court agrees with the VA that, in the context of this case, it properly redacted PII of non-Senior Executive Service employees under Exemption 6 and GRANTS the VA summary judgment on this issue.[3]

---

[3] Plaintiff states that the VA redacted information under FOIA Exemption 5, *see* Dkt. 90 at 37–38, but the VA invoked only Exemption 6, *see* Dkt. 82-9 ¶ 13.

*1.      Legal Background*

"FOIA's Exemption 6 exempts from disclosure 'personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.'" *Am. Oversight v. U.S. Gen. Servs. Admin.*, 311 F. Supp. 3d 327, 344–45 (D.D.C. 2018) (quoting 5 U.S.C. § 552(b)(6)).  "Similar files include detailed Government records on an individual which can be identified as applying to that individual" and cover "not just files, but also bits of personal information, such as names and addresses, the release of which would create a palpable threat to privacy." *Prison Legal News*, 787 F.3d at 1146–47 (cleaned up).

If the Court determines that the records sought are covered by Exemption 6, then it must "determine whether their disclosure would constitute a clearly unwarranted invasion of personal privacy" using a two-step process. *Am. Immigr. L. Ass'n v. Exec. Off. for Immigr. Rev.*, 830 F.3d 667, 673 (D.C. Cir. 2016) (cleaned up).  *First*, the Court must determine whether "disclosure would compromise a substantial, as opposed to a *de minimis*, privacy interest." *Id.* at 674 (cleaned up).  *Second*, if so, the Court "weigh[s] the privacy interest at stake against the public interest in the release of the records." *Id.* (cleaned up).

*2.      Analysis*

The VA properly applied Exemption 6 to redact PII on the documents it produced.  The names, phone numbers, email addresses, and other contact information are "similar files" under Exemption 6 because they are "bits of personal information . . . the release of which would create a palpable threat to privacy." *Prison Legal News*, 787 F.3d at 1146–47.  Having determined that the redaction information is covered by Exemption 6, the Court must now apply the two-step test described above.

*First*, "[t]he scope of a privacy interest under Exemption 6 will always be dependent on the context in which it has been asserted," *id.*, and in this context, the disclosure of the redacted information "would compromise a substantial . . . privacy interest, *Am. Immigr. Laws. Ass'n*, 830 F.3d at 674.  In his declaration, Mr. Tierney, the VA attorney, states, "I am personally aware of VA employees being subjected to harassment by Veteran claimants in the past for being associated with decisions as these are claims for benefits that deeply affect Veterans."  Dkt. 82-9 ¶ 19.[4]  Mr. Tierny adds that "[t]his concern applies to the current situation," because Plaintiff "has sent or copied [him] on at least [119] emails addressing his records requests, this litigation, and VRE claims."  *Id.*  He notes that "low-level employees have a privacy interest to be free to perform their duties without being subject to harassing correspondence."  *Id.*

*Second*, Plaintiff has articulated no *public* interest that would outweigh the privacy interest of redacting PII from career VA employees.  *See Am. Immigr. Laws. Ass'n*, 830 F.3d at 674.  "[T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government."  *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 495 (1994) (cleaned up).  Disclosing the redacted PII would not help explain "the operations or activities" of the VA.  *Id.*  And "[i]f there is no public interest in the disclosure of certain information, something, even a modest privacy interest, outweighs nothing every time."  *Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir.

---

[4] Plaintiff argues that in addition to redacting PII from non-Senior Executive Service career employees, the VA applied Exemption 6 to redact PII from political appointees, senior level employees (including Secretary McDonough), and general VA account email addresses.  *See* Dkt. 88-1 at 15.  But the Court cannot locate Plaintiff's alleged proof for this statement (referring to "Exhibit C" and "Defendant's number 148").  *Id.*  Absent counter-veiling evidence, Mr. Tierney's detailed and non-conclusory declaration is "afford[ed] a presumption of good faith." *Eddington v. United States Dep't of Def.*, 35 F.4th 833, 838 (D.C. Cir. 2022) (cleaned up).

2005) (cleaned up).  In this case, any "need" by Plaintiff "to obtain the information for a pending civil suit is irrelevant, as the public interest to be weighed has nothing to do with [Plaintiff's] personal situation."  *Id.* at 278–79.

*       *       *

The Court holds that the VA justified redacting the PII for non-Senior Executive Service career employees under Exemption 6 and GRANTS the VA summary judgment on that issue.

## IV.    CONCLUSION AND ORDER

As stated above, the Court **GRANTS IN PART** and **DENIES IN PART**, without prejudice, the VA's Motion for Summary Judgment, Dkt. 82.  The Court **GRANTS** the Motion as to the VA's Exemption 6 redactions of PII for non-Senior Executive Service career VA employees.  The Court **DENIES** the Motion as to the adequacy of the VA's search.

The Court further **ORDERS** that on or before August 16, 2024, the parties must file a joint status report that includes a proposed schedule for the VA to supplement its production efforts on Part B of the May 26, 2020, FOIA request and Part B of the September 8, 2021, FOIA request.  If the VA chooses to re-file its summary judgment motion, the joint status report shall also include a proposed briefing schedule.  The Court **DENIES** Plaintiff's Motion to Stay, Dkt. 94.

**SO ORDERED.**

Date: August 2, 2024

_____
ANA C. REYES
United States District Judge